| | |
|---|---|
| Counsel of Record:<br>George S. Canellos<br>Andrew M. Calamari<br>Stephanie Shuler<br>Todd Brody<br>Sharon Binger<br>Adam Grace<br>Attorneys for Plaintiff<br>SECURITIES AND EXCHANGE<br>COMMISSION<br>New York Regional Office<br>3 World Financial Center, Room 400<br>New York, NY 10281<br>(212) 336-0080 (Brody) | Local Counsel:<br>Susan J. Steele<br>Assistant United States Attorney<br>United States Attorney's Office<br>  for the District of New Jersey<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>973-645-2920<br>973-645-2010 (fax)<br><br>RECEIVED<br>JUL 14 2011<br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,　　:

　　　　Plaintiff,　　　　　　　　　　　　　　　　　　　　:

　　　　　　-against-　　　　　　　　　　　　　　　　　　:　　11 Civ.03183 (FLW)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　:

ASSOCIATION FOR BETTERMENT THROUGH　　:
EDUCATION AND LOVE, INC., and
ANTHONY O. DEGREGORIO, SR.,　　　　　　　　　:

　　　　　　　　Defendants,　　　　　　　　　　　　　　:

and　　　　　　　　　　　　　　　　　　　　　　　　　　:

MARGHERITA DEGREGORIO,　　　　　　　　　　　　:

　　　　　　Relief Defendant.　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------------x

## JUDGMENT AS TO DEFENDANT ANTHONY O. DEGREGORIO, SR.

The Securities and Exchange Commission having filed a Complaint and Defendant

Anthony O. DeGregorio, Sr. ("Defendant") having entered a general appearance; consented to

the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pending the entry of the Final Judgment and pending the entry of an order approving a plan for distribution of assets, the asset freeze ordered by the Court on June 3, 2011, as subsequently modified by the Court on June 13, 2011, shall remain in full force and effect.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that notwithstanding the asset freeze in Section III, Defendant shall implement the orderly winding down and liquidation of any existing open securities positions or securities accounts held by or under the control of Defendant; and that such orderly winding down and liquidation shall be effected by the brokerage firm(s) at which any such accounts are held so as to minimize any risk of diminution of value of the securities; and that the orderly winding down and liquidation shall be completed as soon as feasible but no later than July 1, 2011.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant, and any person under its control or working in concert with it in any fashion, shall not destroy, mutilate, conceal, alter or dispose of records of any kind, including but not limited to financial records.

### VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall furnish Plaintiff with a verified written accounting on or before July 15, 2011.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Dated: July 14, 2011

_____
UNITED STATES DISTRICT JUDGE