| | |
|---|---|
| Counsel of Record: | Local Counsel: |
| George S. Canellos | Susan J. Steele |
| Andrew M. Calamari | Assistant United States Attorney |
| Stephanie Shuler | United States Attorney's Office |
| Todd Brody |    for the District of New Jersey |
| Sharon Binger | 970 Broad Street, Suite 700 |
| Adam Grace | Newark, NJ 07102 |
| Attorneys for Plaintiff | 973-645-2920 |
| SECURITIES AND EXCHANGE COMMISSION | 973-645-2010 (fax) |
| New York Regional Office | |
| 3 World Financial Center, Room 400 | |
| New York, NY 10281 | |
| (212) 336-0080 (Brody) | |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    -against-

11 Civ.03183 (FLW)

ASSOCIATION FOR BETTERMENT THROUGH
EDUCATION AND LOVE, INC., and
ANTHONY O. DEGREGORIO, SR.,

    Defendants,

and

MARGHERITA DEGREGORIO,

    Relief Defendant.

------------------------------------------------------------------x

RECEIVED
DEC 14 2011
AT 8:30
WILLIAM T. WALSH
CLERK

**FINAL JUDGMENT AS TO DEFENDANT ANTHONY O. DEGREGORIO, SR.**

The Securities and Exchange Commission having filed a Complaint and Defendant Anthony O. DeGregorio, Sr. ("Defendant") having entered a general appearance; consented to

the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is jointly and severally liable with defendant Association for Betterment Through Education and Love, Inc ("ABEL") for disgorgement of $874,244.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $71,720.00, and is liable for a civil penalty in the amount of $25,000.00 pursuant to Section 20(d) of the Securities Act 15 U.S.C. § 77t(d). Defendant shall satisfy this obligation by paying ~~$970,974.00~~ $970,964.00 [handwritten] within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying DeGregorio as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to

deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

**III.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**IV.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**V.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Dec 13, 2011

_____
UNITED STATES DISTRICT JUDGE